UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASMA MAY FOUATHIA, individually and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>GURWITCH PRODUCTS LLC,<br><br>Defendant. | ECF CASE<br><br>No. 10-CV-6411 (THK) |



## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTIONS FOR FINAL APPROVAL OF THE FLSA CLASS SETTLEMENT AND FOR FINAL CERTIFICATION OF THE FLSA SETTLEMENT CLASS, AND APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

Plaintiff formerly worked for Gurwitch Products LLC as a make-up artist in its Laura Mercier Cosmetics Division. Plaintiff commenced this action on August 27, 2010. On January 11, 2011, Plaintiff filed a Second Amended Class Action Complaint for Damages, Restitution and Injunctive Relief against Defendant in the Southern District of New York on behalf of herself and all others similarly situated (the "SAC", DE-14). The SAC alleged causes of action for violations of: (1) the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"); and (2) New York Labor Law, Article 19, §§ 650 et seq. and the supporting New York Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Laws" or "NYLL").

After months of investigation, discovery, and negotiation, on July 27, 2011, the parties jointly moved for preliminary approval of the class settlement, provisional certification of the settlement class, appointment of Plaintiff's counsel as class counsel, and approval of the proposed notice of settlements. (Davis Decl. for Final Approval ¶¶ 21-22.) The Court granted the parties' joint motion, preliminarily approved the Class Action Settlement Agreement and

General Release between Plaintiff and Gurwitch Products LLC ("Gurwitch" or "Defendant") (the "Settlement Agreement"), and approved the Class Notice on August 24, 2011. (DE-24, 25)

Defendant mailed the Class Notices to Collective Class Members on or about September 1, 2011. (Davis Decl. for Final Approval, Ex. D (DeGregorio Decl. ¶ 4.)) Out of a class of twenty-two (22) Sales Associates, none have objected and four (4) Collective Class Members (in addition to Plaintiff) submitted Proof of Claim forms. (Davis Decl. for Final Approval, Ex. D (DeGregorio Decl. ¶¶ 7-8.))

On November 11, 2011, Plaintiffs filed their Joint Motion for Final Approval of the FLSA Class Settlement and For Final Certification of the FLSA Settlement Class ("Motion for Final Approval"). The same day, Plaintiffs also filed their Motion for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees"). Defendant joined the Motion for Final Approval and did not oppose the Motion for Attorneys' Fees.

The Court held a fairness hearing on November 22, 2011. Having considered the Motion for Final Approval and the Motion for Attorneys' Fees, the supporting declarations, the arguments presented at the November 22, 2011 fairness hearing, and the complete record in this matter, for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

### Approval of the Settlement Agreements

1. The Court hereby grants the Motion for Final Approval and approves the FLSA settlement as set forth in the Settlement Agreement and this Order.

2. Rule 23(e) requires court approval for a class action settlement to ensure that it is procedurally and substantively fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). To determine whether a settlement is procedurally fair, courts examine the negotiating process

leading to the settlement. Wal-Mart Stores, Inc. v. Visa U.S.A. Inc., 396 F.3d 96, 116 (2d Cir. 2005); D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001). To determine whether a settlement is substantively fair, Courts determine whether the settlement's terms are fair, adequate, and reasonable according to the factors set forth in City of Detroit v. Grinnell Corp., 495 F.2d 448 (2d Cir. 1974).

3. Courts examine procedural and substantive fairness in light of the "strong judicial policy favoring settlements" of class action suits. Wal-Mart Stores, 396 F.3d at 116; see also Spann v. AOL Time Warner, Inc., No. 02 Civ. 8238, 2005 WL 1330937, at *6 (S.D.N.Y. June 7, 2005) ("[P]ublic policy favors settlement, especially in the case of class actions."). "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." In re EVCI Career Colls. Holding Corp. Sec. Litig., No. 05 Civ. 10240, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007).

4. "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery." Clark v. Ecolab Inc., Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2010 WL 1948198, at *4 (S.D.N.Y. May 11, 2010) (internal quotation marks and citation omitted). The Court gives weight to the parties' judgment that the settlements are fair and reasonable. See Torres v. Gristede's Operating Corp., No. 04 Civ. 3316, No. 08 Civ. 8531, No. 08 Civ. 9627, 2010 WL 5507892, at *3 (S.D.N.Y. Dec. 21, 2010); Diaz v. E. Locating Serv. Inc., No. 10 Civ. 4082, 2010 WL 5507912, at *3 (S.D.N.Y. Nov. 29, 2010); Clark, 2010 WL 1948198, at *4.

***Procedural Fairness***

5. The settlements are procedurally fair, reasonable, adequate, and not a product of collusion. See Fed. R. Civ. P. 23(e); Frank v. Eastman Kodak Co., 228 F.R.D. 174, 184 (citing Joel A. v. Giuliani, 218 F.3d 132, 138-39 (2d Cir. 2000)). Here, the settlements were reached after Class Counsel had conducted a thorough investigation and evaluated the claims, conducted document discovery, and after extensive negotiations between the parties. Class Counsel obtained pay and time records that would enable Class Counsel to perform accurate damages calculations. Class Counsel was able to extrapolate to perform damages calculations based on the records Defendant provided. Class Counsel interviewed Plaintiff and no less than two other witnesses and obtained and reviewed documents from Plaintiff and the opt-ins. From these sources, Class Counsel was able to evaluate the strengths and weaknesses of Plaintiff's claims.

**Approval of FLSA Settlement and Final Certification of FLSA Class**

6. The Court hereby approves the FLSA settlement memorialized in the Settlement Agreement.

7. The standard for approval of a FLSA settlement is lower than for a Rule 23 settlement because a FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement. McKenna v. Champion Int'l Corp., 747 F.2d 1211, 1213 (8th Cir. 1984); Torres, 2010 WL 5507892, at *6; Clark, 2010 WL 1948198, at *7.

8. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. Clark, 2010 WL 1948198, at *7; Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Torres, 2010 WL 5507892, at *6 (quoting deMunecas v. Bold Food, LLC, No. 09 Civ. 440, 2010 WL 3322580, at *6 (Aug. 23, 2010)). If the proposed settlement reflects a

reasonable compromise over contested issues, the settlement should be approved. Lynn's Food Stores, 697 F.3d at 1354; Clark, 2010 WL 1948198, at *7.

9.  The Court finds that the FLSA settlement was the result of contested litigation and arm's length negotiation, and the Court certifies the following FLSA Class for the purpose of effectuating the FLSA settlement:

> All persons employed by Gurwitch Products, LLC or its predecessors as a make-up artist for Gurwitch's Laura Mercier Cosmetics Division from November 24, 2008 to August 10, 2010 who (i) may have had a timecard signed and/or approved by account executive Suzanne Nerone and (ii) worked at least one (1) forty (40) hour workweek from November 24, 2008 to August 10, 2010.

**Dissemination of Notice**

10.  Pursuant to the Preliminary Approval Order, the Notice was sent by first-class mail to each identified Collective Class Member at his or her last known address. (Davis Decl. for Final Approval, Ex. D (DeGregorio Decl. ¶¶ 4-6.)) This Court finds that the Notice fairly and adequately advised Collective Class Members of the terms of the Settlement Agreement, as well as the right of Collective Class Members to opt in of the class, to object to the settlements, and to appear at the fairness hearing conducted on November 22, 2011. Collective Class Members were provided the best notice practicable under the circumstances. The Court further finds that the Notice and distribution of such Notice comported with all constitutional requirements, including those of due process.

**Award of Fees and Costs to Class Counsel**

11.  On August 24, 2011, the Court appointed The Ottinger Firm, P.C. as Class Counsel. (DE-24,25.)

12.  Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiff's and the Collective Class Members' claims.

13.  Class Counsel have substantial experience prosecuting and settling

employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and in class action law. See Davis Decl. in Support of Motion for Attorneys' Fees.

14. The work that Class Counsel have performed in litigating and settling this case demonstrates their commitment to the Collective Class and to representing the Collective Class's interests. Class Counsel have committed substantial resources to prosecuting this case.

15. The Court hereby grants Plaintiff's Motion for Attorneys' Fees and awards Class Counsel $36,000 in attorneys' fees and expenses or 33.3% of the fund as specified in the Settlement Agreement. (Davis Decl. in Support of Motion for Attorneys' Fees, Ex. C.)

16. The Court finds that the amount of fees requested is fair and reasonable using the "percentage-of-recovery" method, which is consistent with the "trend in this Circuit." See McDaniel v. Cty. Of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010); Diaz, 2010 WL 5507912, at *7-8 (following percentage-of-the-fund method); deMunecas, 2010 WL 3322580, at * 8-9 (same); Clark, 2010 WL 1948198, at *8-9 (same); Reyes v. Buddha-Bar NYC, No. 08 Civ. 2494, 2009 WL 5841177, at *4 (S.D.N.Y. May 28, 2009) (same); Strougo ex rel. Brazilian Equity Fund, Inc. v. Bassini, 258 F. Supp. 2d 254, 261-62 (S.D.N.Y. 2003) (collecting cases adopting the percentage-of-the-fund method); In re NASDAQ Market-Makers Antitrust Litig., 187 F.R.D. 465, 483-85 (S.D.N.Y. 1998) (same).

17. In wage and hour class action lawsuits, public policy favors a common fund attorneys' fee award. See Frank, 228 F.R.D. at 189. Where relatively small claims can only be prosecuted through aggregate litigation, "private attorneys general" play an important role.

Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326, 338-39 (1980). Attorneys who fill the private attorney general role must be adequately compensated for their efforts. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk. Goldberger v. Integrated Res. Inc., 209 F.3d 43, 51 (2d Cir. 2000) (commending the general "sentiment in favor of providing lawyers with sufficient incentive to bring common fund cases that serve the public interest"). Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA and the NYLL. See Braunstein v. E. Photo. Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1975), cert. denied, 441 U.S. 944 (1979) (discussing remedial purpose of FLSA); Ramos v. Marksue Realty Corp., 586 F. Supp. 488, 492 (S.D.N.Y.

1984) (discussing remedial purpose of NYLL); Samiento v. World Yacht Inc., 883 N.E.2d 990, 994 (N.Y. 2008) (discussing remedial purpose of NYLL).

18.     Class Counsel's request for 33.3% of the fund is reasonable and "consistent with the norms of class litigation in this circuit." Diaz, 2010 WL 5507912, at *7 (quoting Gilliam v. Addicts Rehab. Ctr. Fund, No. 05 Civ. 3452, 2008 WL 782596, at *5 (S.D.N.Y. Mar. 24, 2008)); In evaluating the sum of attorneys fees, it should be noted that "courts have rejected the notion that fee awards should be proportionately tied to a plaintiff's recovery," and the " fee provisions contained in the FLSA and New York Labor Law were designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements." Estrella v. P.R. Painting Corp., 596, F.Supp.2d 723, 727 (E.D.N.Y. 2009)(internal quotes and citations omitted).  In FLSA cases, "one of the most important factors a court should consider in awarding fees is the degree of success obtained...." and "the simple disproportion between a plaintiff's recovery and the fee applied for is not a proper basis for a reduction in an otherwise reasonable fee." Khalil v. Original Old Homestead

Restaurant, Inc., 657 F. Supp.2d 470, 476-477 (S.D.N.Y. 2009)(citations omitted); see also Alleyne v. Time Moving and Storage, Inc., 264 F.R.D. 41, 58-59 (E.D.N.Y. 2010)(approving attorneys fees of one-third of the settlement (citing and quoting Masters v. Wilhelmina Model Agency, Inc., 473 F.3d 423, 437 (2d. Cir.2007))(internal quotes omitted).

19. Class Counsel risked time and effort and advanced costs and expenses, with no ultimate guarantee of compensation. A percentage-of-recovery fee award of 33.3% is consistent with the Second Circuit's decision in Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany, where the Court held that a "presumptively reasonable fee" takes into account what a "reasonable, paying client" would pay. 493 F.3d 110, 111-12 (2d Cir. 2007), amended on other grounds by 522 F.3d 182 (2d Cir. 2008). While Arbor Hill is not controlling here because it does not address a common fund fee petition, it supports a 33.3% recovery in a case like this one where Class Counsel's fee entitlement is entirely contingent upon success.

Diaz, 2010 WL 5507912, at *7; Clark, 2010 WL 1948198, at *9.

20. All of the factors in Goldberger v. Integrated Res. Inc., 209 F.3d 43, 50 (2d Cir. 2000) weigh in favor of a fee award of 33.3% of the fund.

21. The fact that Class Counsel's fee award will not only compensate them for time and effort already expended, but for time that they will be required to spend administering the settlement going forward also supports their fee request. Diaz, 2010 WL 5507912, at *7; Clark,
2010 WL 1948198, at *9.

22. The sum of $36,000 includes reimbursement to Class Counsel of their litigation expenses in the sum of $2,072.44, which the Court deems to be reasonable. Courts typically

allow counsel to recover their reasonable out-of-pocket expenses. See In re Indep. Energy Holdings PLC Sec. Litig., 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) (citing Miltland Raleigh-Durham v. Myers, 840 F. Supp. 235, 239 (S.D.N.Y. 1993)).

23.  The attorneys' fees awarded and the amount in reimbursement of litigation costs and expenses shall be paid in the sum of $36,000 as provided by the Settlement Agreement.

**Conclusion**

24.  The "Effective Date" of the settlements shall be 31 days after the date of this Order if no party appeals this Order. If a party appeals this Order, the "Effective Date" of the settlements shall be the day after all appeals are finally resolved.

25.  Within 5 days of the Effective Date, the Claims Administrator will distribute the money in the settlement account by making the following payments in the order below:

   A.  Paying Class Counsel fees and expenses of $36,000;

   B.  Paying the money in the settlement account to Collective Class Members in accordance with the allocation plan described in the Settlement Agreements.

26.  The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreements. The parties shall abide by all terms of the Settlement Agreements and this Order.

It is so ORDERED this 22 day of November, 2011.

Theodore H. Katz
United States Magistrate Judge

**SO ORDERED**

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE